IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JOSEPH SAIVETTI,<br><br>    Plaintiff,<br><br>  v.<br><br>SEAN P. PARKER,<br><br>    Defendant. | No. C 15-03076 EJD (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

       Plaintiff, a state prisoner, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

### DISCUSSION

**A.    Standard of Review**

       A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious,

Order of Service
P:\PRO-SE\EJD\CR.15\03076Saivetti_svc.wpd

1  fail to state a claim upon which relief may be granted or seek monetary relief from a
2  defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se
3  pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police
4  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

5  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
6  elements: (1) that a right secured by the Constitution or laws of the United States
7  was violated, and (2) that the alleged violation was committed by a person acting
8  under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

### B.   Plaintiff's Claims

Plaintiff claims that during an arrest on July 20, 2014, Defendant Sean P. Parker released his K-9 on Plaintiff after he had already surrendered.  (Compl. Attach. at 1-2.)  The dog latched onto Plaintiff's arm, causing severe injury that requires surgery.  (Id. at 3.)  Liberally construed, Plaintiff states a cognizable claim of excessive force.  See Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1043 (9th Cir. 1996).

Plaintiff also states that he has not received proper medical care from Corizon Health Services where he is currently incarcerated.  (Compl. Attach. at 3.) However, his claim against prison medical officials involves prison conditions and is a separate matter from his claim against Defendant Parker which arose during the course of an arrest, and therefore must filed as a separate action.  Accordingly, any medical claims against Corizon Health Services is DISMISSED without prejudice. Plaintiff is also advised that he must exhaust his administrative remedies with respect to his medical claim involving prison conditions before filing suit.  See 42 U.S.C. § 1997e(a).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.   The Clerk of the Court shall mail a Notice of Lawsuit and Request for

1  Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a
2  copy of the complaint, all attachments thereto, and a copy of this order upon
3  **Defendant Sean P. Parker** of the K-9 Unit at the **Alameda County Sheriff's**
4  **Office** (1401 Lakeside Drive, 12th Floor, Oakland, CA 94612-4305). The Clerk
5  shall also mail a copy of this Order to Plaintiff.

6      2.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil
7  Procedure requires them to cooperate in saving unnecessary costs of service of the
8  summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified
9  of this action and asked by the Court, on behalf of Plaintiff, to waive service of the
10 summons, fail to do so, they will be required to bear the cost of such service unless
11 good cause shown for their failure to sign and return the waiver form. If service is
12 waived, this action will proceed as if Defendants had been served on the date that
13 the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be
14 required to serve and file an answer before **sixty (60) days** from the day on which
15 the request for waiver was sent. (This allows a longer time to respond than would be
16 required if formal service of summons is necessary.) Defendants are asked to read
17 the statement set forth at the foot of the waiver form that more completely describes
18 the duties of the parties with regard to waiver of service of the summons. If service
19 is waived after the date provided in the Notice but before Defendants have been
20 personally served, the Answer shall be due **sixty (60) days** from the date on which
21 the request for waiver was sent or **twenty (20) days** from the date the waiver form is
22 filed, whichever is later.

23     3.    No later than **ninety (90) days** from the date of this order, Defendants
24 shall file a motion for summary judgment or other dispositive motion with respect to
25 the claims in the complaint found to be cognizable above.

26     a.    If Defendants elect to file a motion to dismiss on the grounds
27 Plaintiff failed to exhaust his available administrative remedies as required by 42
28 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion

pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).  **The Ninth Circuit has held that Plaintiff must be provided with the appropriate warning and notice under Wyatt concurrently with Defendants' motion to dismiss.  See Woods v. Carey, Nos. 09-15548 & 09-16113, slip op. 7871, 7874 (9th Cir. July 6, 2012).**

        b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

        a.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Woods, Nos. 09-15548 & 09-16113, slip op. at 7874.**

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: 8/3/2015

EDWARD J. DAVILA
United States District Judge

Order of Service
P:\PRO-SE\EJD\CR.15\03076Saivetti_svc.wpd                 5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ARTHUR JOSEPH SALVETTI,

      Plaintiff,

v.

SEAN P. PARKER,

      Defendant.

Case Number: CV15-03076 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/3/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Arthur Joseph Saivetti Aux-597
DUBLIN
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
5325 Broder
DUBLIN, CA 94568

Dated: 8/3/2015

                                               Richard W. Wieking, Clerk
                                               /s/By: Elizabeth Garcia, Deputy Clerk